UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT W. JOHNSON,

                            Plaintiff,
                                                        5:22-CV-0439
v.                                                      (GTS/TWD)

MICHAEL J. RUSSO,

                            Defendant.
_____

ROBERT W. JOHNSON,

                            Plaintiff,                  5:22-CV-0440
                                                        (GTS/TWD)
v.

RUSHLOW ENTERPRISES, INC.,

                            Defendant.
_____

ROBERT W. JOHNSON,

                            Plaintiff,                  5:22-CV-0441
                                                        (GTS/TWD)
v.

MONRO MUFFLER BRAKE & SERVICE,

                            Defendant.
_____

ROBERT W. JOHNSON,

                            Plaintiff,                  5:22-CV-0442
                                                        (GTS/TWD)
v.

ROSETTI,

                            Defendant.

_____

ROBERT W. JOHNSON,

                        Plaintiff,                  5:22-CV-0443
                                                  (GTS/TWD)

v.

UNITED STATES POSTAL SERVICE,

                        Defendant.

_____

ROBERT W. JOHNSON,

                        Plaintiff,                  5:22-CV-0444
                                                  (GTS/TWD)

v.

GIBSON, McASKILL & CROSBY, LLP,

                        Defendant.

_____

ROBERT W. JOHNSON,

                        Plaintiff,                  5:22-CV-0445
                                                  (GTS/TWD)

v.

TRUSTAGE,

                        Defendant.

_____

ROBERT W. JOHNSON,

                        Plaintiff,                  5:22-CV-0446
                                                  (GTS/TWD)

v.

BOND, SCHOENECK & KING, LLC,

                        Defendant.

2

_____

ROBERT W. JOHNSON,

                           Plaintiff,                    5:22-CV-0447
                                                          (GTS/TWD)

v.

EMPRO,

                           Defendant.

_____

ROBERT W. JOHNSON,

                           Plaintiff,                    5:22-CV-0448
                                                          (GTS/TWD)

v.

BITRATEGAMING,

                           Defendant.

_____

ROBERT W. JOHNSON,

                           Plaintiff,                    5:22-CV-0449
                                                          (GTS/TWD)

v.

NEW YORK STATE DIV. OF HUMAN RIGHTS,

                           Defendant.

_____

ROBERT W. JOHNSON,

                           Plaintiff,                    5:22-CV-0450
                                                          (GTS/TWD)

v.

SYNCHRONY BANK,

                           Defendant.

3

_____

ROBERT W. JOHNSON,

                        Plaintiff,                    5:22-CV-0451
                                                              (GTS/TWD)

v.

VERA HOUSE,

                        Defendant.

_____

ROBERT W. JOHNSON,

                        Plaintiff,                    5:22-CV-0452
                                                              (GTS/TWD)

v.

BLACK RIVER APARTMENTS,

                        Defendant.

_____

ROBERT W. JOHNSON,

                        Plaintiff,                    5:22-CV-0453
                                                              (GTS/TWD)

v.

HUMAN RESOURCES ADMIN.
DEP'T OF HOMELESS SERVICES,

                        Defendant.

_____

ROBERT W. JOHNSON,

                        Plaintiff,                    5:22-CV-0454
                                                              (GTS/TWD)

v.

JEFFERSON COUNTY DSS,

4

Defendant.

_____

ROBERT W. JOHNSON,

                          Plaintiff,                    5:22-CV-0455
                                                        (GTS/TWD)
v.

GIBBS,

                          Defendant.

_____

ROBERT W. JOHNSON,

                          Plaintiff,                    5:22-CV-0456
                                                        (GTS/TWD)
v.

SCHENECTADY COUNTY EFCU,

                          Defendant.


_____

ROBERT W. JOHNSON,

                          Plaintiff,                    5:22-CV-0457
                                                        (GTS/TWD)
v.

ESIS, INC.,

                          Defendant.

_____

APPEARANCES:

ROBERT W. JOHNSON
  Plaintiff, *Pro Se*
112 Court Street, Apt. 2
Watertown, New York 13601

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Robert W. Johnson, in the nineteen above-captioned actions are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that all of the actions be *sua sponte* dismissed without leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B), and (2) Plaintiff's Objections to the Report-Recommendation.  (Dkt. Nos. 4, 5.)  Even when construed with the utmost of special leniency, Plaintiff's Objections contain no specific challenge to any portion of the Report-Recommendation.[1]

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation:[2] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court

---

[1]     When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     When no specific objection is made to a portion of a report-recommendation, the Court subjects that portion to only a clear-error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

accepts and adopts the Report-Recommendation for the reasons stated therein, and the nineteen above-captioned actions are *sua sponte* dismissed with prejudice and without prior leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the nineteen above-captioned actions are *sua sponte* **DISMISSED with prejudice and without prior leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: June 21, 2022
        Syracuse, New York


Hon. Glenn T. Suddaby
Chief U.S. District Judge